# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS DOPORCYK, )<br>)<br>     **Plaintiff,** )<br>)<br>v. )<br>)     **Case No. 17-cv-5250**<br>ROUNDY'S SUPERMARKETS, INC., )<br>ROUNDY'S ILLINOIS, LLC d/b/a )     **Judge Durkin**<br>MARIANO'S, the KROGER COMPANY and )<br>KRONOS INC., )<br>)<br>     **Defendants.** )<br>) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS II-V OF PLAINTIFF'S COMPLAINT

Diane Webster
Daniel K. Ryan
Steven M. Puiszis
Peter E. Pederson
Leigh C. Bonsall
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
(312) 704-3000 Phone
(312) 704-3001 Fax

## INTRODUCTION

Plaintiff, Thomas Doporcyk, has filed a five-count complaint asserting class and individual claims arising out of his employment by Roundy's Illinois as a pharmacy manager at a Mariano's grocery store in Northbrook, Illinois.[1] In his class claims, asserted in counts I and II, Doporcyk contends that the "Mariano's Defendants" required employees to "have their fingerprints scanned by a Kronos biometric timekeeping device" when they clocked in and out of their shifts. (Cplt. ¶6, 104-108). Count I asserts violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1. Plaintiff alleges that defendants violated BIPA by collecting or storing employees' fingerprints without: (a) informing them in writing of the specific purpose and length of time for which their fingerprints are collected, stored, and used; (b) making publicly available a retention schedule and policy for destroying employees' fingerprints; and (c) obtaining a written release authorizing defendants to collect and capture employees' fingerprints. (Cplt. ¶¶6, 8, 93-109). Defendants have answered Count I.

Count II is a negligence claim. Plaintiff contends that the Mariano's Defendants negligently breached their duty of care to employees by "failing to implement reasonable procedural safeguards around the collection and use of" the employees' alleged "biometric identifiers and biometric information." (Cplt. ¶¶113, 110-116). Count II should be dismissed pursuant to Rule 12(b)(6) because under Illinois common law defendants did not owe a duty of care to safeguard plaintiff's personal information; as important, plaintiff does not allege that any negligent act or omission of defendants caused him harm or actual injury.

---

[1] Plaintiff's complaint uses the term "Mariano's" to denote Roundy's Supermarkets, Inc., Roundy's Illinois, LLC, and The Kroger Co. collectively. These three defendants will be referred to as the "Mariano's Defendants" or simply "Defendants."

Counts III to V are individual claims that are based on Doporcyk's allegation that defendants terminated his employment in response to his allegation that certain Mariano's stores were performing blood glucose tests: (a) without properly disinfecting the GE100 Bionime meters that were used in the tests; and (b) without obtaining the waivers required by the Clinical Laboratory Improvement Amendments ("CLIA"), 42 C.F.R. § 493.35 (Cplt. ¶¶134-135). Counts III-V should be dismissed for the following reasons:

- Count III attempts to allege a violation of the Illinois Whistleblower Act ("IWA"), 740 ILCS 174/15. While §174/15 prohibits retaliating against an employee for disclosing information to a government or law enforcement agency or in a government proceeding, plaintiff alleges that he was fired for telling <u>other employees</u>, not government bodies, about the lack of a CLIA waiver and the alleged use of contaminated blood glucose testing devices.

- Count IV attempts to allege that defendants violated § 174/20 of the IWA, 740 ILCS § 174/20. This provision prohibits an employer from retaliating against an employee for refusing to participate in an activity that would result in a violation of a "State or federal law, rule or regulation." While plaintiff attempts to allege that defendants "fir[ed] him after [he] refus[ed] to administer tests to customers with contaminated glucose meters," an activity he contends he reasonably believed to be illegal (Cplt. ¶147-150), plaintiff's complaint does not afford plausible factual support for this claim. In particular, plaintiff's primary allegation is that defendants fired him for his reports concerning certain stores' lack of a CLIA waiver, not his supposed refusal to perform blood glucose tests with contaminated equipment. (Cplt. ¶¶134-135). Moreover, plaintiff was fired in February 2016, yet his alleged refusal to perform blood glucose tests occurred in May 2015, which attenuates any asserted connection between the decision to terminate his employment and his alleged refusal to perform blood glucose tests. (Cplt. ¶¶63, 70, 78).

- Last, Count V contends that the Mariano's Defendants committed the common-law tort of retaliatory discharge because they allegedly fired him: (a) for disclosing activity that he reasonably believed was illegal; and (b) for refusing to participate in activities that he reasonably believed to be illegal. (Cplt. ¶169-170). This count fails to state a claim for relief because the complaint is bereft of factual allegations that raise a plausible inference that plaintiff was fired for exercising important constitutional or statutory rights. At best, plaintiff alleges that he was fired for communicating concerns to other employees, which is not covered by any fundamental public policy of Illinois law.

## ARGUMENT

### I. Plaintiff has not stated a claim for negligence because he does not allege a duty of care or damages.

To establish a negligence claim under Illinois law, a plaintiff must allege: (1) defendants owed a duty to plaintiffs; (2) defendants breached that duty; and (3) the breach caused injury to plaintiffs. *Cooney v. Chi. Pub. Schs,* 407 Ill.App.3d 358, 361 (1st Dist. 2010). Plaintiff has not pled the elements of a negligence claim.

First, he has not alleged a duty of care. In *Cooney,* the defendant disclosed the personal information of over 1,700 of its employees. *Id.* at 360. The plaintiffs alleged that the defendant's disclosure of the information was negligent. *Id.* at 361. The court held that the plaintiffs could not establish a negligence claim based on the disclosure of its employees' personal information because the defendant did not owe a duty to the plaintiffs to safeguard their information under Illinois law. *Id.* at 362-63 ("where no duty is owed, there is no negligence").

Similarly, in *Dolmage v. Combined Ins. Co. of Am.*, 2015 U.S. Dist. LEXIS 6824, at *17 (N.D. Ill. Jan. 21, 2015), the plaintiff alleged that the defendant had a duty of care to ensure that defendant's employees' personal information was not disclosed to unauthorized third parties. The court found that under Illinois law, there is no common law duty to protect personal information, and thus the negligence claim failed. 2015 U.S. Dist. LEXIS 6824 at *16-19 (citing *Cooney,* 407 Ill.App.3d at 363). *See also Landale Signs & Neon, Ltd. v. Runnion Equip. Co.,* 2016 U.S. Dist. LEXIS 177195, at *8 (N.D. Ill. Dec. 22, 2016) ("Illinois courts have specifically declined to recognize a common law duty to safeguard personal information").

Here, Plaintiff alleges that Defendants were required to "exercise reasonable care in the collection and use of Plaintiff's and the Class's biometric data." (Cplt. ¶111). In addition, Plaintiff

alleges that Defendants owed Plaintiff and the Class a "heightened duty" because of their "business relationship." (*Id.* at ¶112). However, there is no duty to protect personal information under Illinois law. *See Cooney,* 407 Ill.App.3d at 363; *Dolmage,* 2015 U.S. Dist. LEXIS 6824, at *17-19; *Landale Signs & Neon, Ltd.,* 2016 U.S. Dist. LEXIS 177195, at *8-9. Accordingly, Plaintiff's allegations fail to establish that Defendants owed a duty (or a "heightened duty") to Plaintiff and the putative class.

In addition, Plaintiff has not pled that Defendants' alleged negligence caused plaintiff actual harm or injury. Plaintiff alleges that Defendants breached their purported duty by "failing to implement reasonable procedural safeguards" including failing to properly inform Plaintiff and the class in writing of the purpose or length of time their fingerprints were being collected, stored and used and failing to provide a publicly available retention schedule and guidelines for destroying the fingerprints. (Cplt. ¶¶113-114). Plaintiff does not, however, allege that his biometric information or any putative class member's information was disclosed to a third party by Defendants or that Plaintiff or any class member was otherwise damaged or harmed by Defendants' alleged breach of their purported duty. Without allegations of harm resulted from defendants' purported breach of duty, plaintiff's negligence claim cannot stand. *See Wahba v. Nw. Mem'l Hosp.*, 2017 IL App (1st) 161775-U, ¶ 29 (without evidence showing that medical provider's purported breach of care caused actual injury, claim of negligence cannot possibly stand).

Accordingly, because Plaintiff has not pled that Defendants owed a cognizable duty to Plaintiff or the class and because Plaintiff has not pled that Defendants caused him or the class any damages, Plaintiff's negligence claim fails and should be dismissed.

**II.  Plaintiff has not stated a claim under § 174/15 of the IWA because he does not plead he was fired for reporting information to a government agency or in a government proceeding.**

Plaintiff's claim for violation of the IWA in Count III fails because it is based on internal complaints Plaintiff allegedly made to other employees of Defendants. Under 740 ILCS § 174/15, an employer is prohibited from retaliating against an employee who discloses information "in a court, an administrative hearing, or before a legislative committee, or in any other proceeding…" or for "disclosing information to a government or law enforcement agency" where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule or regulation. Specifically, § 15 provides:

> (a) An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.
>
> (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

Federal courts interpreting § 15(b) have consistently found that an employee reporting within that employee's own company about an alleged violation of the law falls outside the IWA. *See Riedlinger v. Hudson Respiratory Care, Inc.*, 478 F. Supp. 2d 1051, 1054-55 (N.D. Ill. 2007) (employee had no right to recovery under the Act where he revealed information only to his employer and not some government or law-enforcement agency); *Washington v. Ass'n for Individual Development*, No. 09 C 2478, 2009 U.S. Dist. LEXIS 101591, 2009 WL 3616453, at *3 (N.D. Ill. Oct. 29, 2009) (plaintiff's complaint did not allege that he reported any information to a government or law-enforcement agency); *Jones v. Dew*, No. 06 C 3577, 2006 U.S. Dist. LEXIS 90740, 2006 WL 3718053, at *4 (N.D. Ill. Dec. 13, 2006) (the Act does not protect an

employee who discloses information to his own company); *Smith v. Madison Mutual Insurance Co.*, No. 05CV00142DRH, 2005 U.S. Dist. LEXIS 12760, 2005 WL 1460301, at *1 (S.D. Ill. June 21, 2005) ("[w]hile the Act prevents retaliation against an employee who disclosed information to a government or law enforcement agency, it does not protect an employee who disclosed information to her own company").

For example, in *Huang v. Fluidmesh Networks, LLC,* Case No. 16-cv-9566, 2017 U.S. Dist. LEXIS 111608, at *8-9 (N.D. Ill. July 18, 2017), the court held that the plaintiff could not establish a claim under § 174/15 of the IWA when the plaintiff indicated to his supervisors that he was going to report an alleged legal violation "to the appropriate authorities." The court held that "[u]nder the IWA, there is no cause of action where an employee reveals information only to his or her employer." *Id.* at *8 quoting *Zelman v. Hinsdale Twp. High Sch. Dist. 86,* Case No. 10 C 00154, 2010 U.S. Dist. LEXIS 120147 (N.D. Ill. Nov. 12, 2010). Accordingly, because the employee made only an internal complaint, the employee's claim was dismissed. *Id.* at *8-9, see also Sweeney v. City of Decatur,* 2017 IL App (4th) 160492, ¶19 (reporting conduct to the employer who is the alleged wrongdoer does not constitute disclosure of information protected by the IWA).

Here, Plaintiff alleges that he raised his allegation that certain stores lacked a CLIA waiver to Elizabeth Seybold, the manager of clinical care for Roundy's Supermarkets, and in an email to other pharmacists. (Cplt. ¶¶120-125, 127). In addition, Plaintiff alleges that he raised his concerns about the cleanliness of glucose testing meters with his direct supervisor, Reem Natafji, and with Seybold. (*Id.* at ¶121). Accordingly, Plaintiff's claim fails because, as in *Huang*, his alleged complaints were made only internally to his fellow employees. While plaintiff also alleges that he was discharged for refusing to use unclean blood glucose testing devices in May

6

2015, this was well before he was fired in February 2016. (Cplt ¶135). In any case, the allegation that plaintiff was fired for refusing to conduct blood glucose tests with allegedly contaminated GE100 Bionime meters does not set forth a violation of § 174/15, which prohibits retaliating against an employee for reporting information about illegal activity in government proceedings or to government agencies.

In sum, Count III fails because Doporcyk alleges that the Roundy's Defendants fired him for telling other employees, not government bodies, about the lack of a CLIA waiver and the alleged use of contaminated blood glucose testing devices. (Cplt. ¶¶125, 127, 128-130, 133-134).

**III.   Plaintiff has not stated a claim under § 174/20 of the IWA because he does not make factual allegations raising a plausible inference that he was fired in February 2016 for his alleged refusal to conduct blood glucose tests in April 2015.**

Plaintiff also has failed to establish a claim under 740 ILCS § 174/20 of the IWA in count IV. In order to state a claim under that section of the IWA, a plaintiff must establish that: (1) he refused to participate in an activity that would result in a violation of a state or federal law, rule or regulation, and (2) his employer retaliated against him because of that refusal. *Huang,* 2017 U.S. Dist. LEXIS 111608, at *11 (plaintiff's IWA section 174/20 claim dismissed because plaintiff did not plausibly plead that he was terminated for refusing to participate in an activity that violated state or federal law); *see also Robinson v. Alter Barge Line, Inc.,* 513 F.3d 668, 670 (7th Cir. 2008) (IWA claim failed when plaintiff did not establish that he refused to participate in an illegal activity). Specifically, § 174/20 provides:

> Retaliation for certain refusals prohibited. An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation, including, but not limited to, violations of the Freedom of Information Act

In *Sardiga v. Northern Trust Co.*, 409 Ill.App.3d 56, 61 (1st Dist. 2011), the plaintiff asserted that he was terminated in violation of § 174/20 of the IWA. Plaintiff asserted a number

7

of practices of the defendant that he contended were illegal. *Id.* at 63. Initially, the court found that plaintiff had not refused to participate in all but one of the practices. *Id.* The practice that plaintiff arguably did refuse to participate in had to do with the defendant's contact management system. *Id.* at 63-64. In regard to that practice, the court found that plaintiff did not establish that it was illegal. *Id.* at 64. Instead, plaintiff established that the system was "a poor business practice" and "[r]efusal to participate in a poor business practice is not sufficient to satisfy the requirements of the Act." *Id.*

Here, Plaintiff alleges that in April 2015 he refused to perform glucose tests using meters that were not cleaned. (Cplt. ¶¶140-141). Plaintiff alleges that he resumed performing the tests in "May 2015, when he was able to order disinfectant wipes that could be used to clean the meters between uses." (*Id.* at ¶144). Plaintiff was terminated in February 2016. (*Id.* at ¶145-146).

Plaintiff's allegations fail to establish that he was terminated for refusing to participate in an activity that would violate state or federal law. Plaintiff's complaint pleads that he had obtained disinfectant wipes and resumed performing the tests with clean meters by May 2015. Plaintiff was not terminated until February 2016. This time lag renders implausible plaintiff's conclusory allegation that he was fired in February 2016 for allegedly refusing in April 2015 to perform blood glucose tests that he had resumed performing by May 2015. *See Duncan v. Casey's Retail Co.,* 2013 U.S.Dist. LEXIS 155735, 2013 WL 5835706, at *2 (S.D. Ill. Oct. 30, 2013) (complaint was "wholly insufficient to withstand dismissal" where it did not sufficiently allege that plaintiff refused to work an event without compensation or even that working the event without compensation would result in violation of a law or regulation). Second, plaintiff primarily alleges that he was terminated for complaining to other employees about the performance of blood glucose tests without CLIA waivers. His allegation that he was fired for

8

complaints about the lack of a CLIA waiver contradict his conclusory assertion that he was fired in February 2016 for allegedly refusing to perform blood glucose tests in April 2015. Last, there are no allegations setting forth what about the glucose testing in April 2015 was illegal or what state or federal law was implicated. For all these reasons, plaintiff has not alleged facts that raise a plausible inference that plaintiff was terminated in February 2016 for refusing to engage in activity that he reasonably believed would result in a violation of state or federal law.

IV. **Plaintiff has not stated a common-law claim for retaliatory discharge because he does not plead that defendants fired him for the exercise of fundamental statutory or constitutional rights.**

Finally, Plaintiff's claim in Count V must be dismissed because he has not pled a basis for a retaliatory discharge claim. The tort of retaliatory discharge is a narrow exception to the rule that "employment-at-will means termination-at-will." *O'Regan v. Arbitration Forums,* 121 F.3d 1060, 1063 (7th Cir. 1997). To state a valid retaliatory discharge claim, a plaintiff must allege that the employer discharged her in retaliation for her activities and that the discharge violates a clear mandate of public policy. *Yapp v. Astellas Pharma Glob. Dev., Inc.*, No. 12-cv-01095, 2015 U.S. Dist. LEXIS 34838, at *15 (N.D. Ill. Mar. 20, 2015); *Selof v. Island Foods,* 251 Ill.App.3d 675, 677 (2nd Dist. 1993) (termination of employee after admission to hospital for alcohol treatment did not violate a "clearly mandated public policy"). Whether a public policy exists and whether it is violated by an employee's termination are questions to be resolved by the court. *Yapp*, 2015 U.S. Dist. LEXIS 34838, at *15-16.

For purposes of Illinois retaliatory discharge jurisprudence, the required clear public policy mandate may be identified by reference to sources such as the constitutions, statutes, and judicial decisions of the United States and Illinois. *Yapp*, 2015 U.S. Dist. LEXIS 34838, at *16. To be a clear mandate of public policy, the matter "must strike at the heart of a citizen's social

9

rights, duties and responsibilities." *Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 130 (1981). The cause of action is not available when "only private interests are at stake." *Selof,* 251 Ill.App.3d at 677. The "mere citation of a constitutional or statutory provision in a complaint will not by itself be sufficient to state a cause of action for retaliatory discharge. Rather, a plaintiff must demonstrate that the public policy mandated by the cited provision is violated by his discharge." *Id. See also Barr v. Kelso-Burnett Co.,* 106 Ill. 2d 520, 527 (1985).

In Illinois, actions for retaliatory discharge have been allowed in two circumstances: (1) when an employee has been discharged for asserting a right to workers' compensation; and (2) when an employee has been discharged for reporting illegal or improper conduct. *Selof*, 251 Ill.App.3d at 678. Retaliatory discharge claims in the second category have been permitted when an employee refuses to engage in criminal conduct or reports the criminal activity of a co-worker. *See Palmateer,* 85 Ill.2d at 130 (collecting cases).

Here, Plaintiff does not allege that he was terminated for refusing to engage in criminal activity or for reporting criminal activity. Instead, Plaintiff vaguely asserts that he "exercised his rights" by disclosing to fellow employees his concern about the alleged lack of CLIA waivers and the alleged uncleanliness of glucose tests. (Cplt. ¶169). However, Plaintiff does not allege what statutory or constitutional right he exercised by raising his concerns to fellow employees and refusing to perform the tests (for one month). Plaintiff does not identify what "clearly mandated public policy" was violated by defendants, nor does he allege that he was fired for reporting illegal activities to a government body or law enforcement agency. His allegations are therefore insufficient to state a retaliatory-discharge claim and the claim should be dismissed. *See Yapp*, 2015 U.S. Dist. LEXIS 34838, at *15-16 (employee brought retaliatory-discharge claim alleging that she was terminated for alleging that employer's vendor's cytometry testing

10

and reports were fraudulent and did not accurately show effect of employer's drugs on blood cells; although plaintiff claimed that her discharge violated a public policy to ensure the integrity of scientific research and discourage fraud, court entered summary judgment against employee because she cited no constitutional or statutory provisions embodying such a policy); *Selof v. Island Foods,* 251 Ill.App.3d 675, 677 (2nd Dist. 1993) (dismissing plaintiff's retaliatory discharge claim where plaintiff was terminated after he was admitted to the hospital for alcohol treatment because the employer did not violate a "clearly mandated public policy"); *Barr v. Kelso-Burnett Co.,* 106 Ill. 2d 520, 527 (1985) (employer's discharge of plaintiffs for allegedly exercising their free speech rights did not violate any clear mandate of public policy).

## CONCLUSION

For the foregoing reasons, Defendants request that Counts II-V of Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted:

Roundy's Supermarkets, Inc., Roundy's Illinois, LLC, and The Kroger Co.

By: /s/ Peter E. Pederson
One of their attorneys

Diane Webster
Daniel K. Ryan
Steven M. Puiszis
Peter E. Pederson
Leigh C. Bonsall
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
(312) 704-3000 Phone
(312) 704-3001 Fax
dwebster@hinshawlaw.com
dryan@hinshawlaw.com
spuiszis@hinshawlaw.com
ppederson@hinshawlaw.com

300327526v2 1000225

## CERTIFICATE OF SERVICE

  The undersigned attorney certifies that on September 13, 2017, he e-filed this document through the Court's CM/ECF system, which will cause a copy of the document to be delivered electronically to counsel of record identified below.

                /s/ Peter E. Pederson

## Service List

Ryan F. Stephan, Esq.
James B. Zouras, Esq.
Haley R. Jenkins, Esq.
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 fax
jzouras@stephanzouras.com
hjenkins @stephanzouras.com
rstephan@stephanzouras.com
<u>Counsel for Plaintiff Thomas Doporcyk</u>

12